SALINE COUNTY, APPELLEE, v. BLUE RIVER POWER COM-
PANY ET AL., APPELLANTS.

FILED NOVEMBER 30, 1918.    No. 20067.

1. **Electricity:** ESTABLISHMENT OF TRANSMISSION LINE ALONG HIGH-WAY. Where the landowner in planting trees and erecting fences along the line of a public highway incloses and retains the possession and use of a part of the land lying within 33 feet of the section line, a corporation undertaking the erection of an electric transmission line along the road under the privileges granted to it under section 7420, Rev. St. 1913, may assume the line of such road to be where such trees and fences are found, until the line is otherwise definitely fixed and established.

2. ———: ———: STATUTE. Defendant undertook the construction of an electric transmission line along a public highway. The statute then in force provided: "Whenever practicable the poles shall be set upon the line of such highways." By the terms of an injunction order entered by the district court, defendant was required to set its poles "upon the line of such highways." An appeal was prosecuted to this court. While the appeal was pending, the statute was amended to read: "Whenever practicable the poles or towers shall be set in such highway, and adjacent to and not more than six feet distant from the line thereof." Held, that the statute in force at the time of entering the judgment in this court will control.

APPEAL from the district court for Saline County: LESLIE G. HURD, JUDGE. Affirmed as modified.

J. J. Thomas and Edwin Vail, for appellants.

Charles F. Barth and Glenn N. Venrick, contra.

MORRISSEY, C. J.

Defendant undertook to construct an electric transmission line along a public highway, under the provisions of section 7420, Rev. St. 1913, which granted to such corporations as defendant "right of way for all necessary poles and wires along, within and across any of the public highways of this state: * * * Provided * * * all such wires shall be placed at least twenty feet above all road crossings, and all such poles and wires shall be so placed as not to interfere with the public use of any of such highways, and whenever practicable the poles shall be set upon the line of such highways." A dispute arose between plaintiff's officers and defendant's agents over the location of this line. It was alleged on behalf of plaintiff that defendant was not following the line of the road, but was erecting its poles at points within the public highway. A permanent injunction was granted, restraining defendant from erecting, placing or maintaining its poles within the highway, at any other place than on its boundary line. Defendant has appealed.

The highway runs east and west along the north side of sections 14, 15, 16 and 17. Defendant undertook to use the south side of the highway. In order to locate the south boundary of the highway, the county surveyor surveyed and located the line between the sections mentioned and the sections immediately north, assumed the highway to be the standard width, 66 feet, and fixed the south line of the highway on a line running parallel with, and 33 feet south of, the north line between the sections mentioned. Defendant denies that the road was regularly opened, and asserts that it is a highway only by prescription; that the fences and hedges along the south side of the highway are not placed at a uniform distance of 33 feet south of the north line of the respective sections; and that only so much of the ground as lies north of the fences

and hedges has ever been used by the public, or forms a part of the highway. It is further claimed that the transmission line is built as near as practicable to the south line of the highway, as indicated by the fences, hedges and trees.

The evidence shows that, pursuant to an act of the legislature of 1873, providing for the establishment of public roads along section lines in certain counties, the board of county commissioners of plaintiff county, in 1874, passed a resolution declaring all such section lines to be public highways. The county records do not show that any further proceedings were had, but the proof is conclusive that for more than 40 years before the commencement of this litigation the public had traveled over these section lines, and no dispute arose between the landowners and the county over the right of the public to treat them as public highways. The landowners planted trees and erected fences approximately on a line 33 feet from the section line, but at certain points deviated therefrom and encroached upon the 33-foot strip. The trial court found that the road was of the uniform width of 66 feet. The landowners are not parties, and we do not determine this question. Defendant's rights rest upon the statute; it is given a right to erect its line in the public roadway, and it may assume the line to be the line so long recognized by the public. It will not be required to litigate with landowners the right to the use and occupancy of the land occupied by them.

The trial court found that it was practicable to set the poles on the south line of the road. Since the entry of the decree the statute has been amended, and chapter 135, Laws 1917, now supersedes it. The latter statute is substantially the same as the former, except that it provides: "Whenever practicable the poles or towers shall be set in such highway and adjacent to and not more than six feet distant from the line there-

of." Our judgment is necessarily governed by this later statute. 3 Cyc. 407. We shall not attempt a review of the evidence, but we are convinced that it is not impracticable for defendant to place its poles within six feet of the highway line, as indicated by the trees and fences.

The decree is modified so as to require defendant to refrain from erecting or maintaining its line more than six feet from the south boundary line of the established highway as herein indicated; otherwise it is affirmed.

AFFIRMED AS MODIFIED.